NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000900
28-JUN-2018
08:17 AM**

NO. CAAP-17-0000900

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF MAUI SANDS II,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
ASSOCIATION OF APARTMENT OWNERS OF MAUI SANDS I,
Defendant/Counterclaimant/Appellee,
and
JOHN AND/OR JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE LIMITED LIABILITY COMPANIES 1-20;
DOE LIMITED PARTNERSHIPS 1-20; DOE "NON-PROFIT"
CORPORATIONS 1-20; and DOE GOVERNMENTAL AGENCIES 1-20,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NOS. 13-1-0564(2) and 12-1-0642(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff/Counterclaim-Defendant/Appellant Association of Apartment Owners of Maui Sands II's (**Maui Sands II's**) appeal from an "Order Denying Maui Sands II's Motion for Reconsideration of the Court's October 23, 2017 Order Denying Maui Sands II's Motion for Leave to File First Amended Complaint," issued by the Circuit Court of the Second Circuit (**circuit court**) on December 12, 2017, because the circuit court has neither adjudicated claims nor reduced its dispositive rulings to an appealable, final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's orders resolving claims in a civil case pursuant to Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) until the circuit court reduces such orders to an appealable, final judgment pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (**HRCP**). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of or against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 195 P.3d 1177, 1186 (2008).

Here, the record on appeal does not include an appealable, final judgment. Therefore, the "Order Denying Maui Sands II's Motion for Reconsideration of the Court's October 23, 2017 Order Denying Maui Sands II's Motion for Leave to File First Amended Complaint" is ineligible for appellate review at this preliminary stage in the underlying case.

When the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, this court invokes HRS § 602-57(3) (2016), and temporarily remands the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). That principle is inapplicable here, however, because the circuit court has not yet adjudicated claims asserted in Maui Sands II's "Complaint for Declaratory Relief and Damages" (**Complaint**) against Defendant/Counterclaimant/Appellee Association of Apartment Owners of Maui Sands I (**Maui Sands I**), or Maui Sands I's "[Maui Sands I's] Counterclaim to [Maui Sands II's] [Complaint]." Where, as here, the record on appeal does

-2-

not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable, final judgment is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable, final judgment, the appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000900 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2018.


Chief Judge

Associate Judge

Associate Judge